UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH B. JARNICKI,<br><br>*Plaintiff,*<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC;<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>TRANS UNION LLC;<br>AMERICAN HONDA FINANCE CORPORATION;<br>BARCLAYS BANK DELAWARE;<br>CHASE BANK USA, N.A.;<br>DISCOVER BANK;<br>DFS SERVICES LLC d/b/a DISCOVER NETWORK f/k/a DISCOVER FINANCIAL SERVICES LLC;<br>PNC BANK, NATIONAL ASSOCIATION;<br><br>*Defendants.* | Civil Action No.: 18-cv-10631<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

Plaintiff Sarah Jarnicki, by and through her attorneys, Schlanger Law Group LLP, complaining of the defendants, alleges as follows:

1. This is an action for actual, statutory, and punitive damages, injunctive relief, and statutory attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), the New York Fair Credit Reporting Act, and New York General Business Law § 380, et seq. ("NY FCRA").

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4).

1

3.      Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. §1681(b).

4.      The Defendants consist of three national credit reporting agencies:  Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC (the "CRA Defendants"); and several "furnisher[s] of information" to those agencies:   American Honda Finance Corporation, Barclays Bank Delaware, Chase Bank USA, N.A., Discover Bank, DFS Services LLC d/b/a Discover Network f/k/a Discover Financial Services LLC, and PNC Bank, National Association (collectively, the "Furnisher Defendants").

5.      Plaintiff discovered inaccurate derogatory information on her credit reports and disputed the same directly with the CRA Defendants who, in turn and upon information and belief, communicated the same to the Furnisher Defendants.

6.      The Furnisher Defendants are each a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2, *et seq.*).

7.      The Furnisher Defendants violated the FCRA by:

a.  failing to conduct a reasonable investigation of Plaintiff's dispute,

b.  failing to review all relevant information provided by consumer reporting agencies, and

c.  failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of 15 U.S.C. §1681s-2(b)(1).

8. The CRA Defendants violated the FCRA (and analogous provisions of the NY FCRA) by:

   a. failing to conduct a reasonable reinvestigation of Plaintiff's dispute and delete or modify that information, in violation of § 1681i, and upon information and belief, failing to perform certain other related duties pursuant to and in violation of that same provision,

   b. failing to block information that Plaintiff identified as resulting from an alleged identify theft, in violation of § 1681c-2, and upon information and belief, failing to notify the Furnisher Defendants that the information has been blocked, in violation of § 1681c-2(b), and

   c. failing to maintain procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff, in violation of § 1681e(b).

9. As a direct and proximate result of the Defendants' negligent and willful actions, conduct, and omissions including, upon information and belief, publishing inaccurate derogatory information to third-parties, Plaintiff suffered cognizable actual damages (both economic and non-economic) including but not limited to credit denials, and/or offers for credit at higher interest rates, damage to her reputation, emotional distress, embarrassment, aggravation, and frustration.

10. Each Defendant's willful violations of the FCRA entitles Plaintiff to an award of punitive damages.

## JURISDICTION AND VENUE

11. Plaintiff Sarah B. Jarnicki brings this action for damages resulting from the theft of her identity and the use of her personal information and credit to purchase goods and services for which she received no benefit, including consumer goods, and a lease of an automobile.

12. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p, 15 U.S.C. § 1640(e), and 28 U.S.C. §§ 1331.

13. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

14. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events and omissions complained of took place in this District and Defendants maintain offices, transact business, and are otherwise found in this District.

## PARTIES

15. Plaintiff Sarah B. Jarnicki is a natural person and a citizen of Cincinnati, Ohio.

16. Ms. Jarnicki formerly resided in Bronx County, New York.

17. Equifax Information Services LLC ("Equifax") is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York.

18. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

19. Trans Union LLC ("Trans Union") is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York.

20. Equifax, Experian and Trans Union are each a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and NY FCRA (G.B.L. § 380-a(e)).

21. Upon information and belief, American Honda Finance Corporation is a California corporation, duly authorized and qualified to do business in the State of New York.

22. Upon information and belief, Barclays Bank Delaware is a Delaware corporation, duly authorized and qualified to do business in the State of New York.

23. Upon information and belief, Chase Bank USA, N.A., is a Delaware corporation, duly authorized and qualified to do business in the State of New York.

24. Upon information and belief, Discover Bank is a Delaware corporation, duly authorized and qualified to do business in the State of New York.

25. Upon information and belief, DFS Services LLC d/b/a Discover Network f/k/a Discover Financial Services LLC is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York.

26. Upon information and belief, PNC Bank, National Association is a Delaware corporation, duly authorized and qualified to do business in the State of New York.

## FACTS

### Identity Theft

27. Plaintiff is the victim of identity theft by an individual named Eliyahu "Ari" Ciment.

28. Mr. Ciment used his access to Plaintiff's personal information to open credit card accounts, utilize Ms. Jarnicki's existing credit card accounts, and enter into auto financing transactions.

29. Plaintiff met Mr. Ciment in or about the year 2015 and the two became romantically involved.

30. Upon information and belief, Mr. Ciment is originally from Brooklyn, New York, and formerly resided in California.

31. Mr. Ciment met Plaintiff in New York, New York in the Summer of 2015.

32. In Fall/Winter of 2015, Mr. Ciment moved into Plaintiff's apartment, then located in Bronx, New York.

33. After he began cohabitating with Ms. Jarnicki, using his newfound access to Ms. Jarnicki's personal information and credit cards, Mr. Ciment opened multiple accounts in Ms. Jarnicki's name without her knowledge or consent, utilized Ms. Jarnicki's existing credit card accounts to make purchases of goods and services without her knowledge or consent, procured an auto lease using Ms. Jarnicki's information, and took out auto insurance in Ms. Jarnicki's name (collectively, the "Unauthorized Transactions").

34. With regard to all the Unauthorized Transactions, Ms. Jarnicki was not aware of Mr. Ciment's activities.

35. Ms. Jarnicki did not obtain possession of goods, services, or money as a result of any of the Unauthorized Transactions.

36. Many of the Unauthorized Transactions involved the use of credit cards in Ms. Jarnicki's name, but which were infrequently used by her.

## Discovery of the Identity Theft

37. Ms. Jarnicki did not consent to his use of her credit cards, credit information, identity, or personal information by Mr. Ciment or any other person.

38. Mr. Ciment hid the fact that he had consummated the Unauthorized Transactions from Ms. Jarnicki.

39. Mr. Ciment had access to Ms. Jarnicki's mail and was able to keep statements and invoices reflecting the Unauthorized Transactions secret from Ms. Jarnicki for many months.

40. In or about April 2016, Ms. Jarnicki discovered that Mr. Ciment had been using her identity, including that he had been using her credit cards, had entered into an auto lease transaction and had obtained auto insurance on a leased vehicle in Ms. Jarnicki's name.

41. Upon learning of the identity theft, Ms. Jarnicki promptly terminated her personal relationship with Mr. Ciment and directed Mr. Ciment to move out of her residence in Bronx, New York.

42. At the time, in or about May 2016, Ms. Jarnicki believed that Mr. Ciment had expended approximately $25,000 of Unauthorized Transactions using Ms. Jarnicki's identity.

43. After trying to piece together Mr. Ciment's illicit activities, Ms. Jarnicki disputed the charges on the accounts in which she discovered Mr. Ciment's Unauthorized Transactions, including the credit card, auto lease and auto insurance accounts and including items appearing in the accounts with each of the Furnisher Defendants.

## Report of the Identity Theft

44. Following Ms. Jarnicki's discovery that her identity had been stolen, Ms. Jarnicki reported the identity theft to the New York City Police Department.

45. Upon information and belief, following Ms. Jarnicki's report of the identity theft, a warrant was issued for the arrest of Mr. Ciment.

46. However, upon information and belief, the present whereabouts of Mr. Ciment are unknown, and he has not been arrested.

47. Ms. Jarnicki also created an identity theft report with the Federal Trade Commission.

**Furnisher Disputes**

48. Beginning in or about May 2016, Ms. Jarnicki disputed the Unauthorized Transactions with the Furnisher Defendants to the extent then known.

49. The Furnisher Defendants refused, in whole or in part, to cease collection of the disputed amounts and informed Ms. Jarnicki that she was responsible for the Unauthorized Transactions that appeared on her accounts.

50. As a result of the Furnisher Defendants' refusals to honor her disputes, Ms. Jarnicki has expended thousands of dollars to service the debt related to the Unauthorized Transactions, including making interest and principal payments in an attempt to prevent her credit history from sustaining further damage.

**Tradeline Disputes**

51. In October 2017, Ms. Jarnicki notified each of the CRA Defendants of the identity theft via mailed letters, including proof of her identity.

52. In her October 2017 letters, Ms. Jarnicki told each of the CRA Defendants (which in turn told the Furnisher Defendants) that one or more of the accounts appearing on her credit reports were opened and used fraudulently or contained fraudulent entries that were or related to transactions consummated via an identity theft without her knowledge or consent.

53. Thus, beginning in October 2017, Ms. Jarnicki disputed the reporting of erroneous accounts and entries (i.e., Tradeline Errors) to the CRA Defendants, which in turn forwarded those disputes to the Furnisher Defendants.

54. Those disputes detailed the reasons that the accounts and Tradeline Errors were not attributable to Ms. Jarnicki.

55. Ms. Jarnicki's disputes to the CRA Defendants included an FTC Fraud Affidavit listing out each of the accounts pertaining to the identity theft.

56. Ms. Jarnicki also provided the CRA Defendants with a police report regarding the theft of her identity.

57. Ms. Jarnicki has submitted at least five written disputes to Equifax Information Services, LLC concerning the Tradeline Errors appearing on her credit report.

58. Ms. Jarnicki has submitted at least four written disputes to Experian Information Solutions, Inc. concerning the Tradeline Errors appearing on her credit report.

59. Ms. Jarnicki has submitted at least four written disputes to Trans Union LLC concerning the Tradeline Errors appearing on her credit report.

60. However, each of the CRA Defendants has refused to timely block or correct one or more of the Tradeline Errors appearing in Ms. Jarnicki's credit reports despite repeated written and oral disputes sent to them by Ms. Jarnicki.

61. Similarly, the Furnisher Defendants have refused to correct one or more of the erroneous Tradeline Errors appearing in reports prepared by the CRA Defendants despite repeated written disputes sent to them by Ms. Jarnicki, oral disputes by Ms. Jarnicki and her representatives, and written disputes forwarded to the Furnisher Defendants by the CRA Defendants.

## Defendants' Failures to Comply with the FCRA and NYFCRA

62. Ms. Jarnicki properly and repeatedly disputed the Tradelines Errors on her credit reports.  Nonetheless, all Defendants failed to modify or delete the Tradeline Errors and, instead, continued to report the Tradeline Errors on her credit reports.

63. Despite Ms. Jarnicki's exhaustive efforts to date, Defendants have nonetheless repeatedly failed to perform reasonable investigations and/or reinvestigations of Plaintiff's

disputes as required by the FCRA, have failed to remove the inaccurate information, and have continued to attribute the Tradeline Errors to Ms. Jarnicki on her credit reports.

64. At all relevant times, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under Defendants' direct supervision and control.

65. The conduct of the Defendants, as well as that of their agents, servants and/or employees, was negligent, malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and Plaintiff's rights.

### **Damages**

66. As a result of Defendants' conduct, Plaintiff suffered actual damages in the form of economic and non-economic harm, both of which are cognizable pursuant to the FCRA and NY FCRA.

67. Plaintiff has suffered actual damages in the form of financial harm and dignitary harm arising from the injury to her credit rating and reputation. Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

68. Plaintiff's credit reports and file have been obtained from Defendants and been reviewed many times by prospective and existing credit grantors and extenders of credit. The inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

69. Additionally, the inaccurate credit reporting cost Plaintiff significant time in pursuit of a corrected report, mental anguish, anxiety, and stress.

## *FIRST CAUSE OF ACTION*
### VIOLATIONS OF FCRA § 1681s-2(b)
### Against All Furnisher Defendants
### (Furnishers of Information to CRAs)

70. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

71. The Furnisher Defendants violated §1681s-2(b) by its acts and omissions, including, but not limited to:

   a. failing to conduct a reasonable investigation of Plaintiff's dispute,

   b. failing to review all relevant information provided by consumer reporting agencies, and,

   c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

72. As a result of the Furnisher Defendants' violations of §1681s-2(b)(1), Plaintiff suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

73. These violations of §1681s-2(b)(1) were willful, rendering the Furnisher Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

74. In the alternative, the Furnisher Defendants were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

## *SECOND CAUSE OF ACTION*
**VIOLATIONS OF FCRA § 1681e(b), § 1681c-2, and § 1681i**
**Against the CRA Defendants**

75. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

76. The CRA Defendants each violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

   a. failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1);

   b. by failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4); and

   c. by failing to properly delete the disputed inaccurate items of information from Plaintiff's credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

77. The CRA Defendants each violated § 1681c-2 by failing to block information that Plaintiff identified as resulting from an alleged identify theft, and upon information and belief, failing to notify the Furnisher Defendants that the information has been blocked, in violation of § 1681c-2(b).

78. The CRA Defendants each violated 15 U.S.C. § 1681e(b) by its conduct, acts and omissions including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of her credit report and credit files that it published and maintained.

79. As a result of the CRA Defendants' violations of § 1681i, §1681c-2, and §1681e(b), Plaintiff suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

80. These violations of § 1681i, § 1681c-2, and § 1681e(b) were willful, rendering the CRA Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

81. In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF NY FCRA §380-f and §380-j
### Against the CRA Defendants

82. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

83. The CRA Defendants each violated multiple sections of the NY FCRA (NY GBL §§380- 380-u) by its acts and omissions including:

   a. failing to promptly reinvestigate Plaintiff's dispute to determine whether the disputed information is inaccurate and record the current status of the disputed information in violation of §380-f(a);

   b. failing, after determining that the disputed information is in error or that it can no longer be verified, to promptly expunge the item and otherwise correct the file and refrain from reporting the item in subsequent consumer reports, in violation of §380-f(b); and

    c.    failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of her credit report and credit files that it published and maintained in violation of §380-j(e).

84.    These violations of §380-f and §380-j(e) were willful, rendering the CRA Defendants liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to §380-l and entitling Plaintiff to injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

85.    In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages and costs and reasonable attorney's fees pursuant to § 380-m as well as injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants:

1. awarding Plaintiff against each CRA Defendant and Furnisher Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with regard to the CRA Defendants, NY GBL § 380-l and § 380-m;

2. ordering the CRA Defendants:

    a.    to immediately delete all inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information, and

    b.    to send updated and corrected credit report information to all persons and entities to whom they have reported inaccurate information about Plaintiff within the last four years;

3. enjoining the CRA Defendants from violating Plaintiff's NY FCRA rights;

4. such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: November 14, 2018

> Respectfully submitted,
>
> By: Evan S. Rothfarb
> Daniel A. Schlanger
> SCHLANGER LAW GROUP LLP
> 9 East 40th St., Suite 1300
> New York, NY 10004
> T: 212.500.6114
> F: 646.612.7996
> erothfarb@consumerprotection.net
> dschlanger@consumerprotection.net
>
> *Attorneys for Plaintiff*